UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE POWELSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAUSALITO, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01809-EMC<br><br>**ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS**<br><br>Docket No. 74 |

　　Mr. Powelson has filed a petition for a writ of mandamus. In terms of relief, he asks the Court to "clarify[] that the settlement agreement does not bar [his] parking ticket appeals in State Court" and to order that "the trial process for the traffic tickets shall not be hindered by the settlement agreement." Pet. at 4. Mr. Powelson's request for relief is **DENIED**.

　　First, a writ of mandamus is improper because this Court "does not exercise appellate jurisdiction over [the] state court." *United States v. Choi*, 818 F. Supp. 2d 79, 84 (D.D.C. 2011); *see also Pit River Tribe v. United States Forest Serv.*, 615 F.3d 1069, 1078 (9th Cir. 2010) (stating that a "writ of mandamus has traditionally been used . . . to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so") (internal quotation marks omitted).

　　Second, Mr. Powelson's request for relief implicates *Younger* abstention. *Cf. Zummo v. City of Chi.*, 345 F. Supp. 3d 995, 1004 (N.D. Ill. 2018) ("This Court should not intrude on the administrative proceedings as to the impoundment of the car and the allegedly expired license and medallion. Those claims are dismissed without prejudice on *Younger* abstention grounds.").

　　Finally, Mr. Powelson does not appear to be asking this Court to enforce any provision of

the settlement agreement. To the extent he is, he has not provided the Court with a copy of the settlement agreement, nor has he cited to any provision in the settlement agreement to support his request for relief.

This order disposes of Docket No. 74.

**IT IS SO ORDERED**.

Dated: October 31, 2022

_____
EDWARD M. CHEN
United States District Judge