Arthur Gaus (SBN 289560)
Julianna Bramwell (SBN 339794)
KAUFMAN DOLOWICH & VOLUCK, LLP
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 926-7600
Facsimile: (415) 926-7601
agaus@kdvlaw.com;
jbramwell@kdvlaw.com

Gregory Rubens (SBN 129737)
CITY ATTORNEY FOR CITY OF SAUSALITO
Sausalito City Hall
420 Litho Street, Sausalito, CA 94965
grubens@bwslaw.com

Attorney for Defendant
CITY OF SAUSALITO

UNITED STATES DISRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE POWELSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAUSALITO, et al.,<br><br>　　　　Defendant. | CASE NO. 3:22-CV-01809-EMC (RMI)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>Action Filed: March 22, 2022<br>Trial Date: None set.<br>Date: January 12, 2023<br>Time: 1:30 PM<br>Judge: Hon. Judge Edward M. Chen<br>Dept.:  Courtroom 5 – 17th Floor<br><br>F.R.C.P. 12(b)(1), 12(b)(6) |

1.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## I.     INTRODUCTION

Defendant CITY OF SAUSALITO brings this instant motion to dismiss against Robbie Powelson's ("Plaintiff") entire action because Plaintiff's claim is moot, he lacks standing, and he fails to state a claim. Plaintiff's Complaint and *Ex Parte* Application for a Temporary Restraining Order ("TRO Application") arise out of and relate to alleged retaliation by Defendant for Plaintiff's participation in the *Sausalito Homeless Union et al., v. City of Sausalito* Case Number 3:21-cv-01143 ("the *Homeless Union* lawsuit.") and related *pro se* plaintiff's claims. Both fail to establish that Defendant harmed him in any way. Moreover, Defendant and the Sausalito/Marin County Chapter of the California Homeless Union ("Homeless Union"), of which Plaintiff was a representative, entered into a Settlement Agreement ("Settlement Agreement") which provided select members with housing stipends in exchange for release of all members' claims, including those related to or arising from the *Homeless Union* lawsuit. Plaintiff signed the agreement as an officer and member of the Homeless Union and thus, released all his claims. Accordingly, this case is ripe for dismissal on grounds of mootness pursuant to Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6).

## II.     BACKGROUND

On March 22, 2022, Plaintiff filed a Complaint alleging that Sausalito Police targeted him while living at Marinship Park and working on lawsuits for the unhoused people there. [ECF Dkt. No. 1, p. 5.] More specifically, Plaintiff alleges that the Sausalito Police threatened to impound his vehicle for unpaid parking tickets resulting from parking at Marinship Park while he was a plaintiff in the *Homeless Union* lawsuit. [ECF Dkt. No. 1, p. 6.] The Complaint sought injunctive relief that would prevent Sausalito Police from "intimidating [him] and violating [his] constitutional rights," prevent the Sausalito Police from impounding his vehicles, and consolidate his traffic ticket violations into a single hearing in the District Court. [ECF Dkt. No. 1, p. 18.]

Plaintiff filed a TRO Application the same day. Plaintiff's TRO Application sought to enjoin the City of Sausalito from impounding his vehicles and allow him to contest all his parking ticket violations in a single consolidated hearing with the District Court. [ECF Dkt. No. 1, p. 27.]

On March 23, 2022, the Court entered an order relating Plaintiff's instant case (Case Number 3:22-cv-01809-EMC) with that of the *Homeless Union* litigation where he was also a plaintiff. [ECF Dkt. No. 8.] In the *Homeless Union* litigation, the Court granted Plaintiff, among others, various interim relief and ordered Defendants to take or refrain from certain actions, including but not limited to:

(a) On or about March 1, 2021, the District Court granted a preliminary injunction enjoining the City from enforcing the daytime camping prohibition in Resolution No. 6009 and closing and/or clearing the Dunphy Park encampment. [ECF Dkt. No. 20.]

(b) On or about May 26, 2021, the District Court issued an order modifying the preliminary injunction to allow the relocation of the encampment to Marinship Park, subject to the City's compliance with various requirements. [ECF Dkt. No. 48.]

(c) On or about November 4, 2021, the District Court issued a temporary restraining order enjoining the City from removing a shed at the encampment. [ECF Dkt. No. 59.]

(d) On or about December 13, 2021, the District Court issued an order modifying the preliminary injunction to allow relocation of the encampment to the Marinship Park tennis courts, subject to the City's compliance with various requirements. [ECF Dkt. No. 73.]

(e) On or about June 17, 2022, the District Court ordered the City to take certain actions with respect to its contractor Urban Alchemy and the filing of complaints and police reports. [ECF Dkt. No. 133.]

On August 5, 2022, the Homeless Union and Defendants entered into a Settlement Agreement whereby plaintiffs would release all claims in return for various relief, including but not limited to, housing assistance funding and encampment management services. [ECF Dkt. No. 162, p. 6-7.]

The Settlement Agreement defined "Encampments" as "a homeless encampment formed at Dunphy Park in the City… [and the] encampment subsequently relocated to the field at Marinship Park and then to the tennis courts at Marinship Park." [ECF Dkt. No. 162, p. 5.] The Dunphy Park and Marinship Park encampments were collectively the "Encampments." [*Id*.]

Moreover, the Settlement Agreement defined "Lawsuit" as "On or about February 16, 2021, Plaintiffs filed an *Ex Parte* Application for Emergency Temporary Restraining and Preliminary Injunction and Complaint for Injunctive and Declaratory Relief in the United States District Court for the Northern District of California, Case No. 3:21-cv-01143-EMC, naming as defendants the City and several of its individual official and employees (the "Lawsuit")." [*Id*.]

Finally, the Settlement Agreement defined "Claims" as "All of the claims, legal theories, issues, and requests for relief raised by Plaintiffs during the litigation…." [Id.]

In Section 8 of the Settlement Agreement ("Release"), the parties agreed to "on behalf of themselves and each of their respective… *officers*… [*and*] *members*… hereby release and absolutely and forever discharge each other… from all claims, demands, causes of action, whether or not now known, suspected or claimed, which each ever had, now have, claim to have had, or may have had against each other relating to or arising from the Encampments, the Resolutions, the Lawsuit, the Claims, and the Interim Relief." [*Id*. at p. 8.] Plaintiff signed the Settlement Agreement as the Homeless Union's officer and member. [*Id*. at p. 12.]

On October 11, 2022, Plaintiff refused to sign the stipulated dismissal releasing his claims in the instant case pursuant to the Settlement Agreement he signed, alleging that his claims do not fall under the Settlement Agreement. [ECF Dkt. No. 72, p. 1.]

Finally, on October 28, 2022, Plaintiff filed a writ of mandamus with the Court to declare that the Settlement Agreement would not bar his parking ticket appeals. [ECF Dkt. No. 75, p. 1.] This Court denied his motion as improper. [*Id*.] Defendant then gave Plaintiff notice of Defendant's intention to file the instant motion to dismiss on November 2, 2022.

### III.     PLAINTIFF'S CLAIMS ARISING OUT OF HIS COMPLAINT ARE NOW MOOT.

Standing and mootness are limitations on the federal courts' subject matter jurisdiction and may be the basis for Rule 12(b)(1) dismissal. *Woltkamp v. Los Rios Classified Emp. Ass'n* (E.D. Cal. 2021) 539 F.Supp.3d 1058, 1065. "Mootness is a prudential limitation on jurisdiction, triggered when the injury giving rise to the case no longer exists, leaving no case or controversy for the court to resolve." *Id*., quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.* (2000)

4.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

528 U.S. 167, 189.

Plaintiff's claims arising from his Complaint are now moot. Plaintiff and Defendant signed the Settlement Agreement on August 5, 2022. [ECF Dkt. No. 162.] Under the Release, Plaintiff agreed to "release and absolutely and forever discharge" all claimed causes of action "relating to or arising from the Encampments, the Resolutions, the Lawsuit, the Claims, and the Interim Relief." [*Id*. at p. 12.]

Plaintiff does not dispute that all the claims alleged in his Complaint arise out of and relate to alleged retaliation for his participation in the *Homeless Union* lawsuit against Defendant and for his assistance with other related *pro se* plaintiffs' cases. [ECF Dkt. No. 1, p. 5.] The claims at issue here, then, should be discharged under the Release. Moreover, Plaintiff signed the Settlement Agreement as the Homeless Union's officer and a member, thereby specifically articulating himself as a party to the Release. [ECF Dkt. 162 at p. 12.]

Accordingly, the injury giving rise to his claim is no longer viable, and this Court cannot provide Plaintiff's requested relief, *ie* an injunction preventing retaliation for participation in the *Homeless Union* lawsuit, any more.

### IV.    PLAINTIFF LACKS STANDING; THE COURT SHOULD DISMISS THE ENTIRE ACTION

Under Article III a plaintiff must show (1) injury in fact, (2) a sufficient causal link between the injury and the conduct complained of (i.e., it must be traceable), and (3) a likelihood that the injury will actually be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff threatened with future injury has standing if "threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 709 (9th Cir. 2020).

#### 1.    Plaintiff Failed To Plead Facts Sufficient To Show An Injury-In-Fact.

As discussed above, Plaintiff's Complaint fails to establish that he suffered an injury-in-fact by Defendant. Plaintiff claims that Sausalito Police threatened to impound his vehicle for unpaid parking tickets resulting from parking at Marinship Park while he was a plaintiff in the *Homeless Union* lawsuit. [ECF Dkt. No. 1, p. 6.] According to this Court's order denying Plaintiff's TRO, Plaintiff's

5.

vehicle was never impounded, nor was there irreparable harm as he had not legally parked his vehicle in the first instance. [ECF Dkt. 13, p. 5.] Moreover, Plaintiff cannot show the alleged injury is "certainly impending" as the Court found there did "not appear to be an impending impoundment of the vehicles at issue." [Id.] Accordingly, there is a question as to if he even suffered an injury in fact at all.

Thus, Plaintiff lacks standing, and his claim is subject to a 12(b)(1) dismissal.

### V. PLAINTIFF FAILED TO ESTABLISH AN INJURY UNDER WHICH RELIEF CAN BE GRANTED; THE COURT SHOULD DISMISS THE ENTIRE ACTION

Under Fed. R. Civ. P. 12(b)(6) a complaint is subject to a motion to dismiss if the Plaintiff, "fail[ed] to state a claim upon which relief can be granted…." A properly pled complaint must provide, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 requires that factual allegations be more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint, "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id*. at 678-79 (quoting *Twombly*, 550 U.S. at 555.) A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id*. at 679.

1. **Plaintiff Has Not Pled Sufficient Facts to State A Claim Upon Which Relief Can Be Granted.**

Plaintiff failed to establish that there was any injury in fact or that he was likely to face an injury as a result of the alleged retaliation by Sausalito Police. In his TRO Application and Complaint, Plaintiff alleges that the Sausalito Police threatened to impound his vehicle for unpaid parking tickets resulting from parking at Marinship Park while he was a plaintiff in the *Homeless Union* lawsuit. [ECF Dkt. No. 1, p. 6.] As noted in the Court's order denying Plaintiff's Application for TRO, "there

6.

[did] not appear to be an impending impoundment of the vehicles at issue," "both parties agree[d] that the truck was ultimately never towed," and Plaintiff suffered no irreparable harm as he had not legally parked his vehicle in the first instance. [ECF Dkt. 13, p. 5.]

Plaintiff's Complaint similarly fails to establish that his vehicles have been towed or are likely to be towed in Sausalito in the immediate future with respect to his activities related to the *Homeless Union* lawsuit. Defendant has already settled such lawsuit and all claims related thereto. [ECF Dkt. No. 162, p. 6-7.]

As such, there is a compelling basis for this Court to find that Plaintiff failed to establish any facts which show that any relief is plausible on its face. Thus, the Court should dismiss Plaintiff's claims.

### VI.     PLAINTIFF SHOULD BE FOUND TO BE A VEXATIOUS LITIGANT

District Courts have inherent power to enter pre-filing orders against vexatious litigants pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th Cir.1999). "Out of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed.'" *Ringgold--Lockhart v. Cnty. of L.A*., 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Nevertheless, "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.1990).

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." *Ringgold--Lockhart*, 761 F.3d at 1062 (brackets and internal quotation marks omitted). "The first and second of these requirements are procedural, while the latter two factors are substantive considerations that help the district court define who is, in fact, a vexatious litigant and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id*.

7.

To decide whether the litigant's actions are frivolous or harassing, the district court must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims.'" *De Long v. Hennessey* 912 F.2d 1144, 1148 (9th Cir.1990) (quoting *In re Powell*, 851 F.2d 431 (D.C.Cir.1988)). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007) (quoting *Moy v. United States*, 906 F.2d 470 (9th Cir.1990)).

Here, Plaintiff has brought numerous frivolous motions against Defendant:

(1) Plaintiff's initial Motion for a TRO to prevent the impounding of his vehicles was patently without merit because (1) there was no impending impoundment of the vehicles at issue, and (2) Plaintiff suffered no irreparable harm as he had not legally parked his vehicle in the first instance. [ECF Dkt. 13, p. 5.]

(2) On March 29, 2022, Plaintiff then appealed the Court's denial of the TRO to the Ninth Circuit Court of Appeals. [ECF Dkt. 16.] On April 22, 2022, the Ninth Circuit issued an order that the appeal was denied because an order denying a TRO is not appealable. [ECF Dkt 35.]

(3) On April 7, 2022, Plaintiff filed a second motion for TRO to prohibit the Sausalito Police from "harassing or threatening him when he is at the Marinship Park encampment." [ECF Dkt. 22, p. 1.] This TRO was again denied as Plaintiff could not provide a sufficient basis for *any* of the three elements necessary to obtain a TRO. [ECF Dkt. 31.]

(4) On April 25, 2022, Plaintiff filed an opposition to the substitution of Mr. Gaus as Defendant's attorney of record on various unintelligible bases including (1) his hiring has "coincided with a war of attrition against residents of the camp…;" (2) he is a comedian and has made jokes about people in Marin County which would prejudice his ability to "be a competent officer of the court…;" and (3) he was representing Defendants when Plaintiff was arrested under Penal Code 166 for violating a court order. [ECF Dkt. 34.] This opposition was summarily denied by the Court as incognizable. [ECF Dkt. 35.]

(5) On May 11, 2022, Plaintiff brought a motion to strike the declaration of Carlitos Berg for perjury. [ECF Dkt. 37.] The Court denied the motion as moot. [ECF Dkt. 48.]

(6) On October 28, 2022, Plaintiff filed a writ of mandamus with the Court to declare that the Settlement Agreement would not bar his parking ticket appeals. [ECF Dkt. No. 74, p. 1.] The Court denied his motion as improper because the District Court does not exercise appellate jurisdiction over the state court. [ECF Dkt. No. 75.]

As illustrated above, Plaintiff brought frivolous and patently meritless motions against Defendant throughout the litigation proceedings.

Moreover, Plaintiff signed a Settlement Agreement on August 5, 2022, voluntarily releasing all his claims arising out of the *Homeless Union* lawsuit, including those alleged in his Complaint. [ECF Dkt. No. 162, p. 6-7.] However, Plaintiff continues to litigate these released claims through, *inter alia*, his refusal to stipulate to a dismissal as required by the Settlement Agreement.

Thus, Plaintiff flagrantly abused the judicial process and preempted the Court's time over other meritorious claims. Accordingly, the Court should find that Plaintiff is a vexatious litigant pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

## I.      CONCLUCION

For the foregoing reasons, the Court should GRANT the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and should find Plaintiff a vexatious litigator pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

Dated: December 2, 2022              **KAUFMAN DOLOWICH & VOLUCK, LLP**

*/s/ Arthur S. Gaus*
Arthur S. Gaus
Julianna Bramwell
Attorneys for Defendants
CITY OF SAUSALITO, et al.