Robbie Powelson Robbie Powelson
robbiepowelson@gmail.com
415-847-7500
1001 Bridgeway, #611
Sausalito CA, 94965

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

| Robbie Powelson | CASE NO: 3:22-CV-01809-EMC(RMI) |
|---|---|
| v | NOTICE OF NEW EVIDENCE REGARDING DEFENDANTS MOTION TO DISMISS. |
| City of Sausalito, et al | HEARING SET FOR JANUARY 12TH 1:30PM |

After defendants last reply, new evidence has been produced that may have import on the January 12th hearing – the order issued an order regarding the parking ticket. Because it was new evidence I received by mail that I did not have access to before, I am making this supplemental surreply. The new evidence the order attached in Exhibit A regarding parking tickets upholding the tickets against me in Marin Superior Court, which is a true and correct copy of the order that I received in a mail envelope from the court.

This new evidence is important even though I plan to appeal it – defendants have claimed that these parking tickets are related to the settlement agreement [See Exhibit B October 25th Meet and confer with Defendants Counsel]. These parking tickets are claims against me, and this evidence proves that in spite of the settlement agreement defendants have prosecuted these claims to the fullest extent. Defendants asserted that a mutual release barred my appeals on these tickets *id.*

For the sake of argument if we take Defendants position to be true *arguendo*, then they are violating the settlement agreement. Defendants frame the settlement agreement to support their assertion my claims are barred quoting: "*the Parties on behalf of themselves and each of their respective successors, heirs, assigns, agents, attorneys, employees, representatives, elected and appointed officials, staff, partners, officers, directors, members, shareholders, trustees, beneficiaries, insurers and persons*

PLEADING TITLE - 1

*and entities holding beneficial interests, hereby release and absolutely and forever discharge each other,"*

If we take for the sake of argument defendants assertion that my bars are claimed by the settlement agreement because the parking tickets and other tangential claims are barred, then under their own interpretation it is a mutual release of claims. If we take that assertion, then Defendants are in violation of the settlement as shown in Exhibit A, by fully prosecuting their claims against me in spite of their own assertion that these are claims rise from the encampment and by extension would have been released under their own interpretation.

Defendants actions are contradictory. The settlement for Case 3:22-cv-01143 was a release of claims in the context of Case 3:22-cv-01143 – and defendants prosecution of their claims in spite of the settlement agreement shows that they themselves agree in the separateness of the issue when it is beneficial to them.

Respectfully submitted to this court,

/s/Robbie Powelson

January 10th 2023

PLEADING TITLE - 2